UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tim-Minn, Inc., | Case No. 19-cv-409 (JNE/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Tim Hortons USA, Inc. and Restaurant Brands International *Limited Partnership*, | |
| Defendants. | |

This case is before the Court upon Plaintiff Tim-Minn, Inc.'s ("Plaintiff") Motion to Stay and for Leave to Conduct Limited Jurisdictional Discovery (Dkt. No. 14). Steven L. Reitenour, Gerald A. Marks and Steven Keppler appeared on behalf of Plaintiff Tim-Minn, Inc. Michael D. Joblove and R Henry Pfutzenreuter appeared on behalf of Defendants Tim Hortons USA, Inc. ("THUSA") and Restaurant Brands International Limited Partnership ("RBI").

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Jurisdictional Allegations in the Initial Complaint

On February 20, 2019, Plaintiff initiated the present action against Defendants THUSA and RBI. (Dkt. No. 1.) The gravamen of this case is a dispute between a franchisor (and its parent) and a franchisee. In the present operative Amended Complaint, Plaintiff alleges that it is a franchisee and area developer for Tim Hortons restaurants in Minnesota. (Dkt. No. 11 ¶¶ 1, 3.) THUSA is the U.S.-based franchisor for

Tim Hortons restaurants in the United States. (*Id.* ¶¶ 24, 155.) RBI is alleged to be the Canadian-based parent of THUSA. (*Id.* ¶¶ 25-26.)

With regard to the subject matter jurisdiction of the Court, Plaintiff's initial Complaint alleged that "the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs." (Dkt. No. 1 ¶ 18.) Plaintiff further alleged that it is a Minnesota corporation whose principal place of business is in Minnesota; that THUSA is a Delaware corporation whose principal place of business is in Florida; and that RBI "is a foreign entity with corporate offices and U.S. headquarters in . . . Florida." (*Id.* ¶ 25.)

**B.     March 5, 2019 Order**

In her March 5, 2019 Order (Dkt. No. 10), U.S. District Judge Joan N. Ericksen issued an Order giving Plaintiff the opportunity to cure the jurisdictional defects in the Complaint related to the citizenship of RBI:

> Restaurant Brands International is allegedly a limited partnership. "When one of the parties to the action is a limited partnership, the citizenship of each general and limited partner must be considered in determining whether complete diversity of citizenship exists." *Barclay Square Props.*, 893 F.2d at 969; *see Americold*, 136 S. Ct. at 1015; *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192-97 (1990); *cf. Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 328 (8th Cir. 2016). Tim-Minn did not allege the citizenship of Restaurant Brands International's partners.
>
> * * *
>
> The Court grants Tim-Minn an opportunity to file an amended complaint. Within seven days of the date of this Order, Tim-Minn shall file an amended complaint that rectifies the deficiencies noted above. If it fails to do so, the action is subject to dismissal for lack of subject-matter jurisdiction.

(Dkt. No. 10 at 2-3 (parenthetical omitted).)

2

**C.     Amended Complaint**

In response to Judge Ericksen's Order, Plaintiff filed the currently operative Amended Complaint on March 11, 2019. (Dkt No. 11.) Plaintiff added the following allegations related to the citizenship of RBI:

> Defendant, RBI, is a Canadian entity with corporate offices and U.S. headquarters in Miami, Florida, located at 5505 Blue Lagoon Drive, Miami, Florida 33126. RBI is a privately held, limited partnership which, upon information and belief, does not disclose the identity of all of its limited partners. That said, publicly available documents establish that RBI was, as of RBI's February 22, 2019[,] 2018 Amended 10-K, 92% owned by an entity known as 3G Restaurant Brands Holding[s], LP ("3G RBH"), itself an "affiliate" of 3G Capital Partners, Ltd, a Brazilian/U.S. investment firm with offices in Rio de Janiero [sic] and New York City; 3G RBH enjoys 41% of the "combined voting power" in the Limited Partnership. Corporate Governance documentation on RBI's website further indicates RBI is controlled by Restaurant Brands International, Inc. and 8997896 Canada, Inc. Upon information and belief, Restaurant Brands International, Inc., and 8997896 Canada, Inc., are Canadian entities. Therefore, upon information and belief, RBI is a wholly-foreign entity with no known limited partners domiciled in the State of Minnesota.

(Dkt. No. 11 ¶ 25.)

**D.     April 17, 2019 Order**

In her April 17, 2019 Order (Dkt. No. 13), Judge Ericksen again concluded that Plaintiff's jurisdictional allegations were insufficient. In particular, Judge Ericksen found that while Plaintiff alleges that RBI was a Canadian corporation, it did not allege where RBI's principal place of business is located. (*Id.* at 3.) In addition, based on the Form 10-K cited in the Amended Complaint, Judge Ericksen noted as follows:

> According to the Form 10-K that Tim-Minn cited, "[t]he capital of Partnership consists of three classes of units: the Partnership Class A common units, the Partnership preferred units and the Partnership exchangeable units. The interest of [Restaurant Brands International Inc.],

3

> as the sole general partner of Partnership, is represented by Class A common units and preferred units. The interests of the limited partners is represented by the Partnership exchangeable units." Annual Report (Form 10-K) 47 (Feb. 22, 2019). "3G Restaurant Brands Holdings LP ('3G RBH') currently owns approximately 92% of the Partnership exchangeable units . . . ." *Id.* at 19. "The Partnership exchangeable units trade on the Toronto Stock Exchange ('TSX') under the ticker symbol 'QSP'." *Id.* at 24. "As of February 11, 2019, there were 48 holders of record of Partnership exchangeable units," *id.*, and 207,510,471 outstanding Partnership exchangeable units, *id*. at 42.

(*Id.* at 2-3.) Based on the Amended Complaint, Judge Ericksen found that Plaintiff needed to allege the citizenship of RBI's partners at the time the action was commenced—including the citizenship of 3G Restaurant Brands Holdings LP's partners (given its status as limited partnership) and any other RBI partners. (*Id.* at 3-4.)

Judge Ericksen granted Plaintiff seven additional days to file an amended pleading that rectified the deficiencies in the Amended Complaint and warned that the present action is subject to dismissal for lack of subject matter jurisdiction if Plaintiff failed to comply with her Order. (*Id.* at 4.)

Plaintiff did not file an amended pleading and instead brought the present motion for a stay and motion for jurisdictional discovery on April 23, 2019. (Dkt. No. 14.)

## II.     DISCUSSION

### A.     Parties' Arguments

Plaintiff seeks an order staying the present litigation for period of time sufficient for it to conduct limited jurisdictional discovery. (Dkt. No. 14 at 1.) Plaintiff also asks the Court for leave to conduct that discovery. (*Id.*) With respect to the request for a stay, Plaintiff argues that a stay will have little effect on judicial resources or the Court's

4

maintenance of its docket, and a stay will not create the potential for duplicative efforts. (*Id.* at 4.) Plaintiff asserts that without the stay, it will not have an opportunity to establish that this Court has subject matter jurisdiction and will not be able to pursue its claims against RBI. (*Id.*)

As it relates to the request for jurisdictional discovery, Plaintiff's counsel asserts that he conducted an exhaustive search of publicly available information in an effort to identify the individual members of RBI and determined that RBI does not disclose the identity of all of its limited partners. (Dkt. No. 14 at 6; Dkt. No. 16 ¶¶ 5-6.)

Defendants' opposition counters that jurisdictional discovery is inappropriate in this case on the basis that the claims against RBI are frivolous and unlikely to succeed on the merits. (Dkt. No. 23 at 4-8.) Defendants also argued that Plaintiff cannot establish how the jurisdictional discovery could salvage its legally deficient claims. (*Id.* at 8.) Defendants further argue that such discovery would be burdensome. (*Id.* at 9.) As it relates to Plaintiff's request for a stay, Defendants' only argument is that a stay is inappropriate because Judge Ericksen has concluded that there are no operative complaints because the initial and amended complaint are jurisdictionally deficient. (*Id.* at 10.)

**B.     Legal Standard**

   **1.     Motion to Stay**

Courts have the inherent power to stay proceedings of an action to ensure that each matter is handled "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). "The District Court has

5

broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis*, 299 U.S. at 254). The party requesting "a stay has the burden of showing specific hardship or inequity if he or she is required to go forward." *Jones v. Clinton*, 72 F.3d 1354, 1364 (8th Cir. 1996) (citing *Landis*, 299 U.S. at 254-56), *aff'd*, 520 U.S. 681 (1997). In addition, courts "weigh the competing interests of the parties, and the hardship or inequity a party may suffer if a stay is granted." *In re Hanson*, No. 13-2991, 2013 WL 6571594, at *1 (D. Minn. Dec. 13, 2013) (quoting *Robinson v. Bank of Am., N.A.*, No. 11-2284, 2012 WL 2885587, at *1 (D. Minn. July 13, 2012)).

### 2. Motion for Jurisdictional Discovery

When a question exists regarding whether a court has subject matter jurisdiction over an action, the court, in its discretion, may order limited discovery to resolve the jurisdictional issue. *See Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008) (citation omitted); *see also Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978)) ("Discovery is not limited to the merits of a case; 'where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.'").

"Because 'there is no statutory procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court.'" *Johnson*, 534 F.3d at 964 (quoting *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)). To this end, courts have looked to decisions under Federal Rule of Civil Procedure 56 "for guidance in determining whether to allow discovery on jurisdictional facts." *Id.* at 965 (citations omitted). Under Rule 56(f), a

6

party seeking discovery "must file an affidavit describing":

> (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful.

*Johnson*, 534 F.3d at 965 (citations omitted).

Given these legal standards, the Court addresses the merits of Plaintiff's Motion.

**C.     Analysis**

Plaintiff's national counsel, Steven Keppler, represented in his supporting affidavit as follows:

> 5.    In preparation of the Amended Complaint filed by Tim-Minn on March 11, 2019, I conducted an exhaustive search of publicly available information in an effort to identify the individual members of Defendant Restaurant Brands International, Limited Partnership ("RBI").
>
> 6.    Based on my search, I determined that RBI does not disclose the identity of all of its limited partners. I also found no information that identified any of RBI's limited partners as citizens of Minnesota. Based on that, Tim-Minn asserted in paragraph 25 of the Amended Complaint that, "[u]pon information and belief, RBI is a wholly-foreign entity with no known limited partners domiciled in the State of Minnesota."
>
> 7. Tim-Minn proposes serving RBI, Tim Hortons USA, Inc., and 3G Restaurant Brands Holdings LP with interrogatories, requests for production, and requests for admission limited to the following topics:
>
> > a.    The citizenship of 3G Restaurant Brands Holdings LP's partners; and
> >
> > b.    The citizenship of the other limited partners of RBI.

(Dkt. No. 16.)

There is no dispute in this case what information is needed and being sought by virtue of Judge Ericksen's Orders. Plaintiff's counsel has also represented, as set forth

7

above, that Plaintiff is seeking the citizenship of RBI's partners through discovery. In addition, the Court finds that Plaintiff has exhausted all publicly available avenues to determine the identity of RBI's partners and their citizenship. RBI's counsel admitted at the hearing that he did not expect that there would be any publicly available information that would show the identity or citizenship of its partners.[1] Therefore, Plaintiff has no means to establish subject matter jurisdiction and maintain its action against RBI as a limited partnership without jurisdictional discovery from RBI.

Defendants' other arguments in opposition to jurisdictional discovery are of no avail. Defendants argue that the discovery being sought is speculative as it relates to the issue of subject matter jurisdiction. However, there is nothing speculative about the necessity of the identity of RBI's partners or their citizenship. *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) ("[A]n LLC's citizenship is that of its members for diversity jurisdiction purposes."); *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) ("When one of the parties to the action is a limited partnership, the citizenship of each general and limited partner must be considered in determining whether complete diversity of citizenship exists."); *see also* Dkt. No. 13.

While Defendants argue that jurisdictional discovery will be burdensome, they offer no evidence to support this proposition—*e.g.*, an affidavit from an agent of RBI.

---

[1] Indeed, RBI's counsel admitted at the hearing that they have not fully investigated whether any of RBI's partners are Minnesota citizens and had not yet discussed with his clients whether to proceed on a motion to dismiss based on a lack of subject matter jurisdiction.

Defendants' counsel stated that he did not know how many layers of partners there are for RBI. That said, Defendants' counsel also asserted at the hearing that RBI would presumably have information regarding who the first layer of partners are for tax purposes. Given that Defendants have admittedly not investigated whether any RBI's partners are citizens of Minnesota, they cannot rely on speculative assertions of burden to shield itself from jurisdictional discovery.

Defendants' main focus related to the burden of the jurisdictional discovery appears to be that Plaintiff's claims are meritless and that the Court lacks personal jurisdiction over RBI. The Court finds that such arguments are premature. A "federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). Moreover, while Defendants point to what they believe are the deficiencies in the Amended Complaint and submit an affidavit in support of their lack of contacts with Minnesota (Dkt. No. 23-1), the Court is not in a position to rule whether or not it is likely that Defendants will prevail on a motion to dismiss under Rule 12(b)(2) or Rule 12(b)(6) based the present record, especially in light of the fact that Defendants provided no legal analysis or meaningful legal authority to the Court in support of their personal jurisdiction arguments, and Plaintiff has not had adequate opportunity to provide its own facts to support the assertion in its Amended Complaint that RBI

conducts business in Minnesota (Dkt. No. 11 at ¶ 19).[2] *See* D. Minn. L.R. 7.1 (providing for 21 days to respond to a motion to dismiss as opposed to the nine days provided to Plaintiff for a reply relating to the present motion (Dkt. No. 24)); *see also Stevens v. Redwing*, 146 F.3d 538, 543 (8th Cir. 1998) (quoting *Land*, 330 U.S. at 735 n.4) (concluding that in considering whether personal jurisdiction exists, a court may consider matters outside the pleadings; "the court may inquire, by affidavits or otherwise, into the facts as they exist").

Regardless, Defendants are free to renew their arguments regarding personal jurisdiction and whether Plaintiff's claims are viable as part of a fully and properly briefed motion to dismiss brought in compliance with the Federal Rules of Civil Procedure and the Local Rules of this District after Plaintiff files a second Amended Complaint in accordance with the Order below.

The Court also rejects Defendants' argument that there are no proceedings to stay

---

[2] In particular, Plaintiff alleged:

> Defendants are subject to the long arm jurisdiction of this Court pursuant to inter alia, Minn. Stat. § 80C.21 and Minn. Stat. § 543.19 because Defendants operated, conducted, engaged in, and/or carried on a business or business venture within the State of Minnesota; committed an act within the State of Minnesota which caused injury to Plaintiff; and/or committed an act outside the State of Minnesota which caused injury to Plaintiff within the State of Minnesota, the nature of which Minnesota has an interest in. Namely, the Defendants operate and operated the Tim Hortons franchise system and made the complained-of false and misleading financial representations to Plaintiff concerning a franchise to be operated in Minnesota.

(Dkt. No. 11 at ¶ 19.)

because there is no operative complaint. While Judge Ericksen concluded that the Amended Complaint had failed to allege the citizenship of RBI's partners, the Court did not dismiss the Amended Complaint. Instead, the Court only held that if Plaintiff fails to allege the necessary jurisdictional fact "the action **is subject to** dismissal for lack of subject-matter jurisdiction." (Dkt. No. 13 at 4 (emphasis added).) In other words, the Amended Complaint is presently in effect until further action by Judge Ericksen.[3] In addition, the Court finds that the balance of harms favors granting a limited stay to conduct jurisdictional discovery. In balancing the harms between the parties, the Court finds that the case will be dismissed without the stay given that Plaintiff is already past the time allotted for it to supplement the Amended Complaint, and the information they need to comply with Judge Ericksen's Order is in the hands of Defendants. As stated previously, the potential harm to Defendants is minimal based on the present record given that it will have the opportunity to bring a motion to dismiss.

In sum, Plaintiff will have 60 days from the date of this Order (or from an order upholding this ruling on any objection to Judge Ericksen) to conduct discovery related to the citizenship of RBI's partners. The case will be otherwise stayed during that period. Plaintiff submitted to the Court, at the June 19, 2019 hearing, proposed discovery in the form of requests for admissions asking Defendants to admit that RBI or 3G Restaurant

---

[3] The cases relied on by Defendants in opposition to the motion for a stay, *Holley v. Cty. of Yolo*, No. CIV S-06-2586GEBEFBP, 2007 WL 2384680 (E.D. Cal. Aug. 17, 2007) and *Menard v. Bd. of Trustees of Loyola University,* Nos. Civ.A. 03-2936, Civ.A. 03-2199, 2004 WL 193121 (E.D. La. Jan. 30, 2004) are distinguishable, as they pertained to a request for a stay where the court had dismissed the complaint.

11

Brands Holdings LP have no partners that are citizens of Minnesota and interrogatories seeking information for any partner that Defendants cannot admit is not a citizen of Minnesota. Plaintiff is not restricted to that proposed discovery. Plaintiff should ensure that its discovery to Defendants is directed to the information required by Judge Ericksen in her April 17, 2019 Order, including the citizenship of 3G Restaurant Brands Holdings LP's partners and the citizenship of any other RBI partner. (*See* Dkt. No. 13 at 3-4.) This Court is not likely to provide Plaintiff with additional time beyond the 60-day period to obtain the facts it needs to survive dismissal on subject matter jurisdiction grounds without good cause.

### III. ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff Tim-Minn, Inc.'s Motion to Stay and for Leave to Conduct Limited Jurisdictional Discovery (Dkt. No. 14) is **GRANTED**.

2. Plaintiff will have sixty (60) days from the date of this Order (or from an order upholding this ruling on any objection to Judge Ericksen) to conduct discovery related to the citizenship of RBI's partners. The case will be otherwise stayed during this period.

3. Plaintiff shall file a Second Amended Complaint within seven (7) days after the expiration of jurisdictional discovery in accordance with the requirements of the Judge Ericksen's April 17, 2019 Order (Dkt. No. 13).

Dated: July 3, 2019   *s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge